# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**STANLEY LAWRENCE BURKE, SR., #12058-021**  PETITIONER

**VS.**  **CIVIL ACTION NO. 5:09-cv-217-DCB-MTP**

**BRUCE PEARSON, Warden**  **RESPONDENT**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Burke, an inmate at the Federal Correctional Complex -Yazoo City, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, on December 23, 2009. Upon review of the Petition [1], Memorandum in Support [2], and Response [7] filed by Petitioner, this Court has reached the following conclusions.

### Background[1]

Petitioner pled guilty to and was convicted of conspiracy to defraud the government and bank fraud in the United States District Court for the Southern District of Georgia. On April 20, 2005, Petitioner was sentenced to serve: 27 months in the custody of the Bureau of Prisons, followed by a 3- year term of supervised release for the conspiracy conviction; and 27 months in the custody of the Bureau of Prisons, followed by a 5- year term of supervised release for the bank fraud conviction. Petitioner's sentences were ordered to run concurrently. Petitioner was released from confinement and began his period of supervised release on May 10, 2007. The sentencing court held a revocation hearing on January 27, 2009, resulting in the revocation of

---

[1] Some of the background information was ascertained from the copy of Petitioner's appellate brief attached to the Memorandum in Support [2] filed with his Petition.

petitioner's term of supervised release and imposition of a 24- month term of imprisonment (12 months for each count to be served consecutively). The Court of Appeals for the Eleventh Circuit affirmed the revocation of petitioner's supervised release and resulting term of imprisonment on September 15, 2009. *United States v. Burke*, No. 09-10788 (11th Cir. Sept. 15, 2009).

In this habeas petition, Petitioner asserts complaints regarding the revocation of his supervised release. Petitioner claims that the sentencing court incorrectly revoked his supervised release based on:

    (1) plain error - a misunderstanding regarding the amount of times he failed to report to his probation officer;

    (2) ineffective assistance of counsel - because his attorney failed to object or correct the misunderstanding regarding his failure to report and because he failed to present Petitioner's depressed mental state at the revocation hearing;

    (3) impaired presentation of defense - because his attorney failed to object to the district court's understanding of the testimony he was deprived of an available defense in violation of his Due Process rights; and

    (4) unreasonable professional judgment - because his attorney failed to argue the relevance of his depressed mental state to his failure to meet the requirements of supervised release. *Pet.* [1], p. 4-5; *Mem in Supp*. [2], p. 6-14.

As relief, Petitioner is requesting that this Court "issue an[ ] order to vacate," or "convert his sentence from consecutive to concurrent" or place Petitioner "back on probation," resulting in his immediate release from incarceration. *Pet.* [1], p. 5.

## Analysis

A Petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*,

956 F.2d 83, 84 (5th Cir. 1992); *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)(section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration). By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack,* 218 F.3d at 451 (*quoting Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). In *Pack*, the Fifth Circuit found that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452. Clearly, Petitioner has filed the instant § 2241 petition challenging alleged errors that occurred during his federal sentencing based on the revocation of his supervised release by the Southern District of Georgia, which is not properly pursued in a § 2241 petition. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997)("section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing").

There is, however, a savings clause in § 2255 which acts as a limited exception to this general rule. The relevant portion of § 2255, with its savings clause provides, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). Pursuant to this "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

The Fifth Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner Burke bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id*. at 901.

The Court has reviewed the above case law and applied a liberal construction to Petitioner's pleadings to determine that Petitioner has failed to satisfy the test for filing this petition under the savings clause of 28 U.S.C. § 2255. The Court observes that "[h]abeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000)(*citing United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

Since Petitioner is challenging the validity of the revocation of his supervised release and resulting term of incarceration in the instant petition and since he fails to satisfy the requirements of the savings clause, this Court is without jurisdiction to consider the claims brought in this § 2241 petition. Because the Court has found that it lacks jurisdiction to consider this petition, this case will be dismissed.

Conclusion

For the reasons discussed in this Memorandum Opinion, the Court finds that it is without

jurisdiction to consider this § 2241 petition. Accordingly, this case is dismissed with prejudice as to the jurisdictional issue only, and without prejudice regarding all other issues. *See Pack v. Yusuff*, 218 F.3d 448, 454-55 (5th Cir. 2000).

SO ORDERED, this the  24th  day of March , 2010.

                                       s/David Bramlette
                                       UNITED STATES DISTRICT JUDGE