IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**STANLEY LAWRENCE BURKE, SR., #12058-021**                  **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO. 5:09-cv-217-DCB-MTP**

**BRUCE PEARSON, Warden**                                       **RESPONDENT**

## ORDER DENYING PETITIONER'S MOTION TO RECONSIDER

BEFORE THE COURT is Petitioner's Motion [13] to Reconsider filed April 13, 2010. Petitioner, a federal prisoner proceeding *pro se*, moves the Court to reconsider the Memorandum Opinion [11] and Final Judgment [12] entered on March 24, 2010. Having considered the issues raised in the motion, the Court finds that the motion is not well-taken and should be denied.

Although a "motion for reconsideration" is not explicitly recognized by the Federal Rules of Civil Procedure, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b). *See Rogers v. KBR Technical Services, Inc.*, 2008 WL 2337184, *5 (5th Cir. June 9, 2008)(*citing Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds*). A motion filed within twenty-eight days of the Court's final judgment will be considered a motion to alter or amend the judgment pursuant to Rule 59(e). Thus, the Court will review Petitioner's request under Rule 59(e) of the Federal Rules of Civil Procedure.

In order to obtain relief under Rule 59(e), Petitioner "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued."

*Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir.2003)(citation omitted). The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e), a district court should consider the following non-inclusive factors: (1) the reasons for the plaintiffs' default; (2) the importance of the evidence to the plaintiffs' case; (3) whether the evidence was available to the plaintiffs before they responded to the underlying motion; and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened. *Sturges v. Moore*, 73 Fed. App'x. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(*citing Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id.* at 626.

The Memorandum Opinion and Final Judgment entered on March 24, 2010, dismissed this case filed pursuant to 28 U.S.C. § 2241, for this Court's lack of jurisdiction. The Court found Petitioner's claims to challenge the validity of the sentence that was imposed when his supervised release was revoked, thus not properly pursued under § 2241. In addition, the Court, as the district of incarceration court, reviewed Petitioner's claims under the "savings clause" and determined that he did not meet the requirements necessary to proceed with his § 2255 claims in a § 2241 petition.

In the Motion [13] before the Court, Petitioner asserts that his claims regard the "duration" of his federal sentence because he claims his sentence expired in December of 2009, thus, he is not challenging the validity of his sentence and he should be allowed to proceed with

this case under § 2241.[1] However the Petitioner labels his filings the fact still remains that his grounds for relief are challenges to the revocation of his supervised release and resulting term of imprisonment.[2] Petitioner is not challenging the Bureau of Prisons calculation of his sentence as the basis for his continued incarceration after his sentence has allegedly expired. Although the Motion [13] repeatedly refers to the "expiration of his sentence," the only grounds Petitioner has presented to this Court challenge the sentence imposed when his supervised release was revoked. Clearly, these claims are not properly pursued in a § 2241 case.[3] In sum, the Court finds that Petitioner is merely expressing his disagreement with the ruling of the Court and reasserting some of the same arguments he presented in his petition. After thorough consideration of the Motion [13] submitted, the entire court record and relevant case law, the Court concludes that Petitioner has failed to satisfy the requirements for obtaining relief pursuant to Rule 59(e) of the

---

[1] In Petitioner's Motion [10] to expedite filed March 15, 2010, Petitioner claims that his full term sentence expires on October 24, 2010, and that he is eligible for halfway-house placement on August 24, 2010. *Mot.* [10], p. 6.

[2] As grounds for relief, Petitioner claims that the sentencing court incorrectly revoked his supervised release based on:
    (1) plain error - a misunderstanding regarding the amount of times he failed to report to his probation officer;
    (2) ineffective assistance of counsel - because his attorney failed to object or correct the misunderstanding regarding his failure to report and because he failed to present Petitioner's depressed mental state at the revocation hearing;
    (3) impaired presentation of defense - because his attorney failed to object to the district court's understanding of the testimony he was deprived of an available defense in violation of his Due Process rights; and
    (4) unreasonable professional judgment - because his attorney failed to argue the relevance of his depressed mental state to his failure to meet the requirements of supervised release.
*Pet.* [1], p. 4-5; *Mem in Supp.* [2], p. 6-14.

[3] The Court finds it unnecessary to expand upon the "savings clause" analysis set forth in the Memorandum Opinion, since Petitioner has failed to assert any additional claims regarding such.

Federal Rules of Civil Procedure. Therefore, it is hereby,

ORDERED that Petitioner's Motion [13] to Reconsider is **denied.**

SO ORDERED this the 21st day of April, 2010.

                                     s/David Bramlette
                                    UNITED STATES DISTRICT JUDGE